UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| PATRICIA S. HAMILTON, | ) | CASE NO. 07-62545 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

This matter is before the court on Debtor's Application to Proceed *In Forma Pauperis* (hereafter "application") filed on August 29, 2007. On August 31, 2007, the court entered an order requesting additional documentation from Debtor to assist the court in assessing Debtor's current financial condition. Debtor filed the requested documents on September 24, 2007.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and is premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

The court will first determine whether Debtor's income is 150 percent of the poverty level. According to the Department of Health and Human Services 2007 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/07poverty.shtml, the poverty income for a family of one is $10,210.00. At 150 percent of poverty, the poverty income for Debtor is $15,315.00 annually, or $1,276.25 per month.

Form B22A (the "means test") indicates Debtor's Annualized Current Monthly Income is zero. Debtor's only source of income is social security disability benefits in the amount of $1,234.00 per month and this amount is reflected on Schedule I. Debtor filed a statement on September 24, 2007 stating that she did not file a 2006 tax return. Based on the $1,234.00 per month figure, Debtor's income is $42.25 under the 150% poverty threshold, so she established the first prong of the test.

Next, the court must determine if Debtor has the ability to pay the filing fee in installments. Upon review of Debtors' Schedule J, Debtor indicates a monthly surplus of $37.00 per month. Debtor's listed expenses are reasonable. However, the court notes that Debtor is paying the IRS $85.00 per month on a compromise. Debtor listed a tax debt on Schedule E, but the schedule indicates the taxes were incurred in 1997 and 2000. Based on the age of the taxes, the court cannot conclude that these are not dischargeable in this case and, if the taxes are dischargeable, the $85.00 could be used to pay the filing fee in installments. The court cannot determine if the Debtor has the ability to pay the filing fee in installments without additional information, specifically an explanation regarding the taxes, including whether Debtor anticipates the taxes being discharged in this case.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig    OCT - 1 2007
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Robert Goldberger
13 Park Ave., West
#300
Mansfield, OH 44902

Patricia S. Hamilton
439 Woodridge Dr.
Mansfield, OH 44906

Josiah L. Mason
153 W. Main St.
P.O. Box 345
Ashland, OH 44805-2219